# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 30, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MYRTLE BLEVINS, WIDOW OF**
**SAMUEL F. BLEVINS,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0857** (BOR Appeal No. 2049176)
                       (Claim No. 2012030225)

**RESOURCES LIMITED, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Myrtle Blevins, widow of Samuel F. Blevins, by J. Thomas Greene, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Resources Limited, LLC, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 1, 2014, in which the Board affirmed a January 29, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 4, 2012, decision denying dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Blevins, an underground coal miner for Resources Limited, LLC, was exposed to coal dust in underground mines for approximately eighteen years. Mr. Blevins applied for benefits on March 2, 2012, and the claims administrator held the claim compensable on a nonmedical basis for occupational pneumoconiosis. It found that Mr. Blevins was not entitled to the presumption contained in West Virginia Code § 23-4-8c(b) (2009). Resources Limited, LLC, introduced a November 12, 2009, record which shows that Mr. Blevins reported to Paul Chakola, M.D., for a pulmonary consultation because of heavy smoking and possible emphysema. Dr.

1

Chakola noted that Mr. Blevins had worked in coal mines for approximately eighteen years. The impression was a history of increasing shortness of breath possibly related to chronic obstructive pulmonary disease. The impression of a pulmonary function test issued on November 20, 2009, was severe chronic obstructive pulmonary disease. The recommendations were to stop smoking and begin bronchodilator therapy.

On April 20, 2010, Mr. Blevins passed away. His death certificate stated that he was sixty-two years old at the date of death and died of coal worker's pneumoconiosis. Mr. Blevins's widow filed for dependent's benefits and her case was referred to the Occupational Pneumoconiosis Board. On July 31, 2012, the Occupational Pneumoconiosis Board found that occupational pneumoconiosis did not cause or contribute to Mr. Blevins's death in a material degree. On October 4, 2012, the claims administrator denied dependent's benefits based upon the Occupational Pneumoconiosis Board's findings. Mrs. Blevins protested.

On December 5, 2012, the Occupational Pneumoconiosis Board was called to testify. John Willis, M.D., the Board's radiologist, reviewed images taken by the Occupational Pneumoconiosis Board on September 21, 2000. He opined that the images showed no evidence of occupational pneumoconiosis but did show some mild hyperinflation consistent with chronic obstructive pulmonary disease. Jack Kinder, M.D., and Mahendra Patel, M.D., found that occupational pneumoconiosis did not contribute in a material degree to Mr. Blevins's death. They noted that there was no x-ray diagnosis or clinical diagnosis of occupational pneumoconiosis and the only diagnosis was made because of his history of working in a coal mine. They noted that Mr. Blevins had a very long smoking history, up to fifty-pack years. Dr. Kinder testified that he had no idea why the death certificate listed coal worker's pneumoconiosis as the cause of death because there was no information in the file to suggest it. However, there was evidence of chronic obstructive pulmonary disease due to smoking.

The Office of Judges found that occupational pneumoconiosis did not materially contribute to Mr. Blevins's death and affirmed the claims administrator's denial of dependent's benefits. The Office of Judges concluded that the only evidence that Mr. Blevins suffered from occupational pneumoconiosis was his medical history he gave to medical personnel that he worked in the coal mines. The Office of Judges indicated that no reliable x-ray introduced into the record revealed occupational pneumoconiosis. The Office of Judges found that even if he did have occupational pneumoconiosis, he would have only had it to a very minimal degree. The Office of Judges noted that he did have a significant history of cigarette smoking and radiological findings consistent with smoking related chronic obstructive pulmonary disease. The Office of Judges also reiterated that the Occupational Pneumoconiosis Board was firm in its conviction that occupational pneumoconiosis did not materially contribute to Mr. Blevins's death. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the consistent decisions of the claims administrator, the Office of Judges, and the Board of Review. Pursuant to *Bradford v. Workers' Compensation Commissioner*, 185 W. Va. 434, 442, 408 S.E.2d 13, 21 (1991), the correct standard to determine dependent's benefits is "whether the injury or disease contributed in any material degree to the death." The only evidence that Mr. Blevins's death was the result of occupational pneumoconiosis was the

death certificate, his non-medical occupational pneumoconiosis claim, and his history of eighteen years of underground coal mining. All of the other evidence points to the conclusion that occupational pneumoconiosis did not materially contribute to Mr. Blevins's death. Mr. Blevins's lungs did not show evidence of occupational pneumoconiosis when examined. Furthermore, Mr. Blevins did have chronic obstructive pulmonary disease which was consistent with cigarette smoking. By the most liberal estimate, Mr. Blevins smoked a pack to a pack and a half per day for forty-five to fifty years. In addition, the Occupational Pneumoconiosis Board found that occupational pneumoconiosis did not materially contribute to his death. Because the majority of the evidence showed that occupational pneumoconiosis did not materially contribute to his death, the Office of Judges and Board of Review did not err for denying dependent's benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 30, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II